Carl Johnson, Anne P. Johnson v. Commissioner.
Johnson v. Commissioner
Docket No. 5409-69 S.C.
United States Tax Court
T.C. Memo 1970-134; 1970 Tax Ct. Memo LEXIS 225; 29 T.C.M. (CCH) 602; T.C.M. (RIA) 70134; June 1, 1970. Filed Leo Carl Johnson, pro se, 2040 W. Wilshire Dr., Phoenix, Ariz.Dennis C. DeBerry, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency of $316.19 in petitioners' Federal income tax for the taxable year 1967. The sole remaining issue for decision is whether respondent properly disallowed a portion of claimed travel expenses for failure to substantiate the amount thereof. Findings of Fact Some of the facts were stipulated. The stipulation of facts and exhibit attached thereto are incorporated herein *226 by this reference. Petitioners, Carl Johnson (hereafter referred to as petitioner) and Anne P. Johnson are husband and wife. They were residents of Phoenix, Arizona, at the time of the filing of their petition in this case. Petitioners filed a joint Federal income tax return for the calendar year 1967 with the district director of internal revenue, Phoenix, Arizona. Petitioner was employed as a truckdriver by the C.W. Englund Co. during 1967. A typical trip of petitioner commenced in Phoenix, proceeded to Los Angeles, from there to Montreal, Canada, and then to New York before returning to Phoenix. The average duration of a round trip was eight days. Petitioner was accompanied on these trips by another driver. He and his companion worked in alternating five-hour shifts, each driver devoting 10 hours during each 24-hour period to driving. Petitioner thus spent 20 hours of each 24-hour period in the truck. Except on rare occasions, petitioner rested or slept in the truck while his coworker drove. Lodging costs which were incurred during layovers at various destination points were reimbursed in full by his employer. During the year 1967, petitioner was away from home (Phoenix, Arizona) *227 for 276 days. He did not maintain a record of his meals or other expenses incurred while driving. However, he did maintain a "log book" as required by the Interstate Commerce Commission in which he recorded the number of hours he drove and the number and duration of the stops. Petitioner deducted the cost of meals and other expenses incurred while traveling at the rate of $12 per day. This figure represented petitioner's estimate of such expenses since he concededly possessed no records of his expenditures. Respondent allowed a deduction for away-from-home expenses of $7 per day, disallowing the balance on the ground that petitioner failed to substantiate his expenditures in a greater amount. Opinion The sole issue for decision is whether respondent properly disallowed a portion of petitioner's claimed travel expenses under section 274(d), Internal Revenue Code of 1954. [1]
Section 274, applicable to taxable years beginning after December 31, 1962, provides that no deduction shall be allowed under section 162 for traveling expenses (including meals while away from home) unless the *228 taxpayer substantiates "by adequate records or by sufficient evidence corroborating his own statement," inter alia, the "amount of such expense." Section 1.274-5(c)(2), Income Tax Regs., describes more specifically the substantiation requirements of section 274(d). Under the regulations, petitioner must in the very least, support his claimed deduction by "an account book, diary, statement of expense or similar record" in which various elements of the expenditures, including the amount thereof, are recorded "at or near the time of the expenditure." Petitioner has produced no such contemporaneous records or any other evidence of the amount of his 603 travel expenses; he relies instead upon his unsupported estimate. While we do not necessarily consider his estimate of $12 per day excessive, absent the proper substantiation of his claimed deduction, section 274(d) mandates the disallowance of such deduction. William F. Sanford, 50 T.C. 823 at 826 (1968), affd. per curiam 412 F. 2d 201 (C.A. 2, 1969), certiorari denied 396 U.S. 841 (1969). The logbook to which petitioner has alluded at trial fails to meet the aforementioned statutory requirements *229 in that it does not indicate the amount of his expenditures. Cf. Culwell v. Coard, an unreported case ( D.C.N.M. 1967, 19 A.F.T.R. 2d 1967), granting a deduction to a truckdriver on the basis of a logbook and contemporaneous diary of his away-from-home expenses.[2]
Due to concessions by the parties, Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩
2. The instant case would have, prior to the enactment of sec. 274(d), invited the application of the Cohan rule. Under this rule, the Court is required to determine by approximation the amount of the expenses which had been incurred. See Cohan v. Commissioner 39 F. 2d 540 (C.A. 2, 1930). Sec. 274(d) superseded the Cohan rule and substituted instead the rigid substantiation requirements set forth above. Sec. 1.274-5(a), Income Tax Regs.; H. Rept. No. 1447, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 405, 427; S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707↩, 741.